# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.: 2019AP1977-CR

Complete Title of Case:

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

GREGORY F. ATWATER,

DEFENDANT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | February 4, 2021 |
| Submitted on Briefs: | August 20, 2020 |

| | |
|---|---|
| JUDGES: | Blanchard, Kloppenburg, and Graham, JJ. |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the briefs of *Susan E. Alesia*, assistant state public defender, of Madison. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald V. Latorraca*, assistant attorney general, and *Joshua L. Kaul*, attorney general. |

COURT OF APPEALS
DECISION
DATED AND FILED

February 4, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1977-CR**

STATE OF WISCONSIN

Cir. Ct. Nos. **2013CF374**

**IN COURT OF APPEALS**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

GREGORY F. ATWATER,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dodge County: JOHN R. STORCK and MARTIN J. DE VRIES, Judges. *Reversed in part and cause remanded with directions*.

Before Blanchard, Kloppenburg, and Graham, JJ.

¶1      GRAHAM, J. Gregory Atwater appeals a judgment and a circuit court order denying his postconviction motion to withdraw his plea.[1]   Atwater contends that the court erred when it determined that his trial counsel would not be allowed to testify remotely[2] during a hearing on his postconviction motion, and later denied his postconviction motion on the ground that trial counsel would not appear at the postconviction hearing.   For the reasons explained below, we conclude that the record does not reflect whether the circuit court properly exercised its discretion when considering Atwater's motion to allow testimony by remote means.   Accordingly, we reverse the order denying Atwater's postconviction motion and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶2      Atwater was serving a prison sentence when he was involved in a physical altercation with two correctional officers.   He was charged with two counts of battery by a prisoner, pleaded no contest to one of the charges, and was sentenced to probation with an imposed and stayed prison sentence.

---

[1] The Honorable John R. Storck presided over the trial and entered the judgment of conviction, and the Honorable Martin J. De Vries presided over the postconviction proceedings.

[2] This opinion discusses WIS. STAT. § 807.13(2) (2017-18), which allows testimony by telephonic or live audiovisual means under certain circumstances, and WIS. STAT. §§ 885.56 and 885.60, which allow testimony by video conferencing technology under certain circumstances. We sometimes use the words "remote" and "remotely" when referring to testimony that is authorized by any of these statutes.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶3      Atwater filed a postconviction motion for plea withdrawal based on ineffective assistance of counsel.[3]  His motion alleged that trial counsel failed to investigate two important matters.  First, he alleged that counsel failed to interview an inmate who was a known eyewitness, and also failed to identify other inmate eyewitnesses who would have testified that the officers initiated the physical altercation by throwing Atwater to the ground.  Second, he alleged that counsel failed to follow up with a correctional officer who was not directly involved in the altercation and had contacted counsel with exculpatory information.  According to Atwater, this officer would have testified, among other things, that she had reviewed video footage depicting the incident from a different camera angle than the footage that had been provided in discovery.  She also would have testified that the officers involved in the incident were responsible for escalating the conflict, causing it to become physical.  Atwater alleged that these available and willing witnesses could have supported a self-defense claim and that Atwater would not have pleaded no contest if trial counsel had pursued the investigation.

¶4      The circuit court set a briefing schedule.  Rather than submitting a brief, the State sent a letter to the court acknowledging that a ***Machner*** hearing was required.[4]

---

[3] This appeal is Atwater's direct appeal of a 2014 judgment of conviction.  It has been delayed because Atwater did not file a timely notice of intent to pursue postconviction relief.  We later reinstated his appeal rights based on his allegation that trial counsel failed to pursue postconviction relief despite Atwater's direction that she do so, and Atwater finally filed his postconviction motion in November 2018.  This appeal follows the circuit court's denial of that motion.

[4] *See* ***State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979) (when a defendant's postconviction motion sets forth sufficient factual allegations which, if true, would demonstrate ineffective assistance of counsel, the defendant is entitled to a hearing at which the allegations can be tested).

¶5      After the hearing was scheduled, Atwater filed a motion asking the circuit court to allow him to present telephone and video testimony.  Atwater explained that his trial counsel had moved to Missouri, and he asked that she be allowed to testify by telephone.  Additionally, as an alternative to seeking an order to produce three inmate witnesses at the hearing, Atwater asked for an order allowing these witnesses to testify by video or telephone.[5]  The State objected, and the court ordered the parties to submit briefs on whether Atwater's witnesses should be allowed to testify remotely.

¶6      In his brief, Atwater cited WIS. STAT. § 807.13(2)(c) as authority allowing telephone testimony at a postconviction hearing, and he discussed the "tremendous logistical problems" associated with securing trial counsel's physical presence at the hearing.  Specifically, counsel would be required to miss multiple days of work and arrange for childcare, and the Office of the State Public Defender would not pay for her travel expenses because she was no longer an employee.

¶7      In response, the State argued that trial counsel should be required to testify in person at the *Machner* hearing due to the importance of her testimony and the potential difficulties posed by a telephone cross-examination.  The prosecutor indicated that he did not doubt the cost and inconvenience of requiring counsel to travel to Wisconsin.  However, he contended that these factors must be considered "in relation to the importance of [trial counsel's] testimony," which

---

[5] Atwater does not appeal the circuit court's denial of his request to present the inmate witnesses' testimony by remote means; therefore, we do not further address the court's denial of this aspect of Atwater's motion.

was "extremely high" because Atwater "[could not] prevail at this [***Machner***] hearing" without it. In response to Atwater's assertion that the prosecutor would be able to adequately cross-examine counsel by telephone, the prosecutor countered, "I do not know how, at this point, [Atwater] can assume what my cross-examination of [trial counsel] will look like." The prosecutor elaborated as follows:

> Without too much thought, I can think of a number of potential issues. First, if the Court allows telephone testimony, how would I be able to show [trial counsel] any documents in this matter? Second, if [counsel] indicates she doesn't remember something, how will I be able to refresh her recollection with her file or another means?

¶8 The circuit court denied Atwater's motion for remote testimony in a written order. The order did not identify the legal standards the court was applying. Nor did it specifically identify the basis for the decision other than that the court "agree[d] with the objections raised" by the prosecutor. As we interpret the order, we take this as a reference to the prosecutor's practical concerns about how he could present documents during a telephone cross-examination. The court did not raise any concerns about its ability to assess trial counsel's credibility over the telephone.

¶9 Following the court's order, the parties sent a series of letters to the circuit court discussing how to proceed. At some point, Atwater informed the court that trial counsel would not appear in person at the hearing, and the parties agreed that Atwater could not prevail on his ineffective assistance of counsel claim without her testimony. *See **State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979) (providing a general rule that the defendant must present trial

5

counsel testimony during a postconviction hearing on counsel's ineffectiveness).[6] A separate dispute arose concerning whether there could be another basis, apart from ineffective assistance of counsel, which would warrant a hearing or postconviction relief.[7]

¶10 Ultimately, Atwater asked the circuit court to reconsider its ruling that trial counsel would not be allowed to testify by telephone. Atwater supplied an affidavit from his trial counsel identifying specific reasons that it would be burdensome for her to travel to Wisconsin to testify in person. That same day, the court entered an order denying Atwater's postconviction motion for plea withdrawal. The language of this order is discussed in greater detail below.

## DISCUSSION

¶11 Atwater argues that he presented the circuit court with good cause to allow his trial counsel to testify by telephone during the *Machner* hearing. He argues that the circuit court erred—both when it denied his initial motion to present counsel's testimony by telephone, and then again later, when it denied his motion for postconviction relief on the sole basis that counsel would not appear in person at the hearing. The parties disagree about many issues, including which statute governs a request for remote testimony at a postconviction hearing,

---

[6] *But see* **State v. Lukasik**, 115 Wis. 2d 134, 139-40, 340 N.W.2d 62 (Ct. App. 1983) (providing an exception from the general rule when trial counsel is unavailable due to "death, insanity or unavailability for other reasons"). Atwater has not cited **Lukasik** or argued that counsel was "unavailable" within the meaning of **Lukasik**, and we discuss that case no further.

[7] Specifically, Atwater asserted that he might be able to withdraw his plea "in the interest of justice pursuant to WIS. STAT. § 805.15(1)" based on the inmate witness testimony. The prosecutor responded that any such argument was not the basis of the postconviction motion, was undeveloped, and would be barred by the guilty-plea-waiver rule.

whether a court's decision on such a motion can be appealed, and whether the court erroneously exercised its discretion in this case. Before turning to the parties' arguments on those issues, we address a threshold matter raised by the State.

## I. The State's Arguments About the Sufficiency of the Allegations

¶12    As a threshold matter, the State contends that Atwater's appeal can be easily resolved on the ground that Atwater fails to address one of two reasons the circuit court gave for denying his postconviction motion. According to the State, the court determined that Atwater's allegations were insufficient to warrant a ***Machner*** hearing regarding trial counsel's effectiveness.[8] The State argues that Atwater's failure to include any argument in his opening appellate brief about the sufficiency of his allegations is an abandonment of the issue and a standalone reason to affirm the denial of the postconviction motion.

¶13    The State's argument is based on an erroneous interpretation of the circuit court's order. The order denying the motion for plea withdrawal provided in relevant part as follows:

> The Machner motion is denied without a hearing because [Atwater] will not bring trial counsel to the hearing.

---

[8] The State acknowledges that, during the circuit court proceedings, it conceded that Atwater's allegations were sufficient to warrant a ***Machner*** hearing. Specifically, the prosecutor represented to the court, "After carefully reading through [Atwater's] claims and doing some research of my own, I have come to the conclusion that an evidentiary hearing should be scheduled on the issues of [trial counsel's] effectiveness." Yet, the State contends that, as the respondent, it is allowed to present inconsistent arguments on appeal.

> The Nelson/Bentley[9] motion is denied because it is essentially a Machner hearing and the motion does not allege sufficient nonconclusory facts, that if true, would entitle [Atwater] to relief.

The State's argument is based on the order's second sentence, and to be sure, that sentence is somewhat ambiguous when read in isolation. However, we do not interpret the language of a court order in isolation. We interpret a court order as we do other written documents, *Jacobson v. Jacobson*, 177 Wis. 2d 539, 546, 502 N.W.2d 869 (Ct. App. 1993), reading its language in context.

¶14     Here, when the language of the order is read in context, it becomes apparent that the circuit court did not determine that the allegations in Atwater's postconviction motion were insufficient to state a claim for ineffective assistance of counsel. Rather, the order's two sentences address the two separate claims that Atwater had asserted as a legal basis for postconviction relief. The first sentence provides that, to the extent the motion is based on ineffective assistance of counsel, it was denied because Atwater "will not bring trial counsel to the hearing." This determination is consistent with the parties' acknowledgment that trial counsel would not attend in person and would not be permitted by the court to testify telephonically, and their agreement that Atwater could not prevail on an ineffective assistance claim without her testimony. And when the second sentence is read in context, it is apparent that the court intended to convey that the allegations were insufficient to state a claim for relief on any basis *other than* ineffective assistance of counsel. This determination was in response to the

---

[9] *Nelson v. State*, 54 Wis. 2d 489, 195 N.W.2d 629 (1972); *State v. Bentley*, 201 Wis. 2d 303, 548 N.W.2d 50 (1996) (collectively providing that a defendant is entitled to an evidentiary hearing if the defendant alleges facts that, if true, would demonstrate that there was some factor extrinsic to the plea colloquy that would render a plea unknowing, involuntary, or unintelligent).

parties' disagreement about whether Atwater was entitled to a hearing to present the inmate eyewitnesses' testimony and argue for plea withdrawal in the interest of justice. Plainly stated, the second sentence does not pertain to Atwater's ineffective assistance of counsel claim.

¶15 For these reasons, we conclude that the circuit court's order is not reasonably interpreted as determining that Atwater's allegations were insufficient to state a claim for ineffective assistance of counsel. Therefore, the sufficiency of the allegations is not an issue that Atwater was required to address on appeal.

## II. The Governing Statute

¶16 The parties dispute which statute governs a circuit court's authority to allow remote testimony at a postconviction hearing.

¶17 During the circuit court proceedings and in his opening appellate brief, Atwater argued that the court's decision should have been governed by WIS. STAT. § 807.13(2). That statute is part of Wisconsin's rules of civil procedure, and it sets forth a process and criteria for considering whether to allow telephone or live audiovisual testimony during evidentiary hearings in specified types of proceedings.[10]

---

[10] WISCONSIN STAT. § 807.13(2) provides in relevant part:

> EVIDENTIARY HEARINGS. In civil actions and proceedings, including those under chs. 48, 51, 54, and 55, the court may admit oral testimony communicated to the court on the record by telephone or live audiovisual means, subject to cross-examination, when:
>
> ….

(continued)

¶18　The State did not take any position on the applicable statute during the circuit court proceedings, but on appeal, it argues that WIS. STAT. § 807.13(2) is inapplicable. It instead contends that WIS. STAT. §§ 885.56 and 885.60 are the pertinent statutes addressing remote testimony in criminal proceedings, including postconviction hearings. Section 885.56 sets forth criteria to guide the court's exercise of discretion when considering a motion to permit the use of

---

> (c) The proponent shows good cause to the court. Appropriate considerations are:
>
> 1. Whether any undue surprise or prejudice would result;
>
> 2. Whether the proponent has been unable, after due diligence, to procure the physical presence of the witness;
>
> 3. The convenience of the parties and the proposed witness, and the cost of producing the witness in relation to the importance of the offered testimony;
>
> 4. Whether the procedure would allow full effective cross-examination, especially where availability to counsel of documents and exhibits available to the witness would affect such cross-examination;
>
> 5. The importance of presenting the testimony of witnesses in open court, where the finder of fact may observe the demeanor of the witness, and where the solemnity of the surroundings will impress upon the witness the duty to testify truthfully;
>
> 6. Whether the quality of the communication is sufficient to understand the offered testimony;
>
> 7. Whether a physical liberty interest is at stake in the proceeding; and
>
> 8. Such other factors as the court may, in each individual case, determine to be relevant.

videoconferencing technology,[11] and § 885.60 sets forth a procedure for such a motion in any criminal case.[12]

---

[11] WISCONSIN STAT. § 885.56, titled "Criteria for exercise of court's discretion," provides:

> (1) In determining in a particular case whether to permit the use of videoconferencing technology and the manner of proceeding with videoconferencing, the circuit court may consider one or more of the following criteria:
>
> (a) Whether any undue surprise or prejudice would result.
>
> (b) Whether the proponent of the use of videoconferencing technology has been unable, after a diligent effort, to procure the physical presence of a witness.
>
> (c) The convenience of the parties and the proposed witness, and the cost of producing the witness in person in relation to the importance of the offered testimony.
>
> (d) Whether the procedure would allow for full and effective cross-examination, especially when the cross-examination would involve documents or other exhibits.
>
> (e) The importance of the witness being personally present in the courtroom where the dignity, solemnity, and decorum of the surroundings will impress upon the witness the duty to testify truthfully.
>
> (f) Whether a physical liberty or other fundamental interest is at stake in the proceeding.
>
> (g) Whether the court is satisfied that it can sufficiently know and control the proceedings at the remote location so as to effectively extend the courtroom to the remote location.
>
> (h) Whether the participation of an individual from a remote location presents the person at the remote location in a diminished or distorted sense such that it negatively reflects upon the individual at the remote location to persons present in the courtroom.

(continued)

11

(i) Whether the use of videoconferencing diminishes or detracts from the dignity, solemnity, and formality of the proceeding so as to undermine the integrity, fairness, and effectiveness of the proceeding.

(j) Whether the person proposed to appear by videoconferencing presents a significant security risk to transport and present personally in the courtroom.

(k) Waivers and stipulations of the parties offered pursuant to s. 885.62.

(L) Any other factors that the court may in each individual case determine to be relevant.

(2) The denial of the use of videoconferencing technology is not appealable.

[12] WISCONSIN STAT. § 885.60, titled "Use in criminal cases and proceedings under chapters 48, 51, 55, 938, and 980," provides in relevant part:

(1) Subject to the standards and criteria set forth in ss. 885.54 and 885.56 and to the limitations of sub. (2), a circuit court may, on its own motion or at the request of any party, in any criminal case or matter under chs. 48, 51, 55, 938, or 980, permit the use of videoconferencing technology in any pre-trial, trial or fact-finding, or post-trial proceeding.

(2)(a) ….

(b) A proponent of a witness via videoconferencing technology at any evidentiary hearing, trial, or fact-finding hearing shall file a notice of intention to present testimony by videoconference technology 20 days prior to the scheduled start of the proceeding. Any other party may file an objection to the testimony of a witness by videoconference technology within 10 days of the filing of the notice of intention….

(c) If an objection is made by the plaintiff or petitioner in a matter listed in sub. (1), the court shall determine the objection in the exercise of its discretion under the criteria set forth in s. 885.56.

(continued)

12

¶19     In his reply, Atwater continues to assert that WIS. STAT. § 807.13(2) applies to postconviction hearings.  However, he also agrees with the State that the circuit court could have allowed his trial counsel to testify through video conferencing under the authority of WIS. STAT. §§ 885.56 and 885.60.

¶20     The parties' disagreement presents a question of statutory interpretation, a question of law that we review de novo.  **State v Henley**, 2010 WI 12, ¶9, 322 Wis. 2d 1, 778 N.W.2d 853.  For the following reasons, we agree with the State that WIS. STAT. § 807.13(2) does not apply to postconviction hearings, and that the applicable statutes are WIS. STAT. §§ 885.56 and 885.60.

¶21     "Statutory interpretation begins with the language of a statute." **State v. Wilson**, 2017 WI 63, ¶21, 376 Wis. 2d 92, 896 N.W.2d 682.  WISCONSIN STAT. § 807.13(2) specifies that it applies "[i]n civil actions and proceedings, including those under chs. 48, 51, 54, and 55."  As a general proposition, when a statute lists certain types of proceedings but not others, the proceedings that are not listed are excluded.  *See* **FAS, LLC v. Town of Bass Lake**, 2007 WI 73, ¶27, 301 Wis. 2d 321, 733 N.W.2d 287 (discussing *expressio unius est exclusio alterius*, a canon of statutory interpretation).  Applying plain language interpretation, we see no indication in the language of § 807.13(2) that its

---

(d) If an objection is made by the defendant or respondent in a matter listed in sub. (1), regarding any proceeding where he or she is entitled to be physically present in the courtroom, the court shall sustain the objection. For all other proceedings in a matter listed in sub. (1), the court shall determine the objection in the exercise of its discretion under the criteria set forth in s. 885.56.

13

provisions regarding telephone and audiovisual testimony were intended to apply in criminal proceedings.

¶22     By contrast, again applying a plain language interpretation, the language of WIS. STAT. § 885.60 specifically applies to "fact-finding" and "post-trial" proceedings in "any criminal case," and it provides that the applicable criteria are found in WIS. STAT. § 885.56.  As a general rule, specific statutes control over general statutes, *Wilson*, 376 Wis. 2d 92, ¶22, and here, § 885.60 specifically applies to postconviction proceedings that are part of "any criminal case."  Accordingly, we conclude that §§ 885.56 and 885.60 are the pertinent statutes that should have governed the circuit court's consideration of Atwater's motion for remote testimony.[13]

¶23     We recognize that Atwater did not cite WIS. STAT. §§ 885.56 and 885.60 during the circuit court proceedings, and that his motion sought telephonic testimony rather than testimony by use of videoconferencing technology.  Under other circumstances, we might conclude that Atwater has forfeited any reliance on the authority provided under §§ 885.56 and 885.60.  *See Schill v. Wisconsin Rapids Sch. Dist*., 2010 WI 86, ¶45 & n.21, 327 Wis. 2d 572, 786 N.W.2d 177 (providing the general rule that, when a party fails to raise an issue before the circuit court, the issue is forfeited on appeal).

---

[13] In his opening appellate brief, Atwater advances a number of additional arguments about the applicability of WIS. STAT. § 807.13(2).  These additional arguments, which are based on WIS. STAT. § 972.11, WIS. STAT. § 967.08, and *State v. Vennemann*, 180 Wis. 2d 81, 94-95, 508 N.W.2d 404 (1993), disregard the plain language interpretation set forth above, and we reject them on that basis.

¶24     However, forfeiture "is a rule of judicial administration," and we have discretion to overlook a party's forfeiture in appropriate cases. ***State v. Kaczmarski***, 2009 WI App 117, ¶7, 320 Wis. 2d 811, 772 N.W.2d 702. The parties agree that the criteria found in WIS. STAT. § 807.13(2)(c) for telephone testimony are similar in many ways to the criteria found in WIS. STAT. § 885.56(1) for videoconferencing testimony. *Compare supra* n.10 *with supra* n.11. The parties likewise agree that the procedure for requesting telephonic testimony under § 807.13(2)(c) is consistent with the procedure for requesting videoconferencing testimony under WIS. STAT. § 885.60. *Compare supra* n.10 *with supra* n.12. In this case, it appears that the only reason Atwater relied on § 807.13(2)(c) during the circuit court proceedings is that the parties and the court inadvertently overlooked the pertinent statutes. Both parties suggest that we can treat this appeal as if Atwater had requested that counsel be allowed to testify remotely using videoconferencing technology under WIS. STAT. § 885.60. We accept their invitation and proceed accordingly.

### III. Appellate Review of a Decision Under WIS. STAT. §§ 885.56 and 885.60

¶25     The State, having persuaded us to treat Atwater's motion for remote testimony as if he filed it pursuant to WIS. STAT. §§ 885.56 and 885.60, argues that Atwater is barred from seeking appellate review of the circuit court's decision. In support of its argument, the State cites § 885.56(2), which provides: "The denial of the use of videoconferencing technology is not appealable." The State argues that this language is "unequivocal," and it suggests that a decision granting or denying videoconferencing testimony can never be challenged—not even when a party appeals a final judgment or order under WIS. STAT. RULE 809.30.

15

¶26 Atwater disagrees. He contends that WIS. STAT. § 885.56(2) is intended to prevent *interlocutory* appeals of a circuit court's decision granting or denying videoconferencing testimony. *See* WIS. STAT. RULE 809.50 (establishing a procedure for seeking leave to appeal nonfinal orders and orders not appealable as a matter of right). Atwater interprets WIS. STAT. § 885.56(2) as allowing a party to argue that the court erred when it granted or denied a motion for videoconferencing testimony—just as a party can argue that the court erred with regard to any other nonfinal decision leading up to a final decision that is appealable as a matter of right. *See* WIS. STAT. § 808.03(1) (providing that "[a] final judgment or final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law"); WIS. STAT. RULE 809.30 (providing the process for appealing a final adjudication in a criminal matter); *see also* WIS. STAT. RULE 809.10(4) (providing that "[a]n appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon"); ***State. v. Wolfe***, 2019 WI App 32, ¶11, 388 Wis. 2d 45, 931 N.W.2d 298 (applying RULE 809.10(4) in a criminal proceeding).

¶27 We agree with Atwater. WISCONSIN STAT. § 885.56 was promulgated by the Wisconsin Supreme Court. S. Ct. Order 07-12, 2008 WI 37, 305 Wis. 2d xli (eff. July 1, 2008). At the same time the court promulgated the rule, it included the following comment, which specifically describes the intent of § 885.56(2) consistent with Atwater's argument:

> A circuit court's denial of the use of videoconferencing is not appealable as an interlocutory order, but to the extent the denial involves issues related to a party's ability to present its case and broader issues related to the

> presentation of evidence, the denial can be appealed as part
> of the appeal of the final judgment.

WIS. STAT. § 885.56 (Comment: 2008).

¶28 Here, Atwater appealed a final judgment of conviction and a final order denying his postconviction motion, both of which he appealed under WIS. STAT. RULE 809.30 as a matter of right. On appeal, he argues that the sole reason he could not provide evidentiary support for his postconviction motion is that the circuit court denied his motion to allow trial counsel to testify remotely. We conclude that, under these circumstances, the language of WIS. STAT. § 885.56(2) does not prevent us from reviewing the order denying Atwater's motion for remote testimony.

### IV. The Circuit Court's Exercise of Discretion

¶29 Finally, we turn to the circuit court's decision to deny Atwater's motion to allow his trial counsel to testify by remote means. Subject to constraints that are inapplicable here,[14] a circuit court has broad discretion to allow or disallow testimony by videoconferencing in a criminal case. *See* WIS. STAT. § 885.60(2)(c)-(d); *see also* **Welytok v. Ziolkowski**, 2008 WI App 67, ¶32, 312 Wis. 2d 435, 752 N.W.2d 359 (providing that a court has similarly broad discretion with regard to a motion for telephone testimony). Appellate courts will sustain a circuit court's exercise of discretion if it "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process,

---

[14] For example, WIS. STAT. § 885.60(2)(a) provides that "[e]xcept as may otherwise be provided by law, a defendant in a criminal case and a respondent in a matter listed in sub. (1) is entitled to be physically present in the courtroom at all trials and sentencing or dispositional hearings."

reached a conclusion that a reasonable judge could reach." *Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982).

¶30    Here, the circuit court's order provides little explanation for its decision.  The sole explanation provided is that the court agreed with the State's objection.    And the only concrete objection articulated by the State is a hypothetical one:  that the prosecutor might need to use documents to impeach counsel or to refresh her recollection, and if so, it would be challenging to do so effectively over the telephone.  Notably, the prosecutor's concerns may have been resolved by the use of videoconferencing technology, which, as discussed above, is the available means under the applicable statute, WIS. STAT. § 885.60.[15]

¶31    At the same time, however, the parties appeared to have come to a consensus that Atwater's claim for relief was potentially meritorious, and that Atwater would be entitled to withdraw his plea if his allegations about counsel's ineffectiveness were true.  We do not see any indication in the record that the circuit court considered the reality that, by denying Atwater's motion, it was effectively foreclosing Atwater's only option to prove his allegations and obtain relief.  The record does not demonstrate whether the court gave any consideration to the fact that trial counsel lived out of state.  And, at the time the court denied Atwater's motion for remote testimony, the court could not have known that trial counsel would offer additional factual support regarding the particular difficulties posed by traveling to Wisconsin.  Nor could the court have known that counsel

---

[15] It is, of course, not surprising that the court did not consider the availability of videoconferencing technology because neither party brought the proper statute to the court's attention.

18

would ultimately decline to appear in person for a ***Machner*** hearing. Although these facts are not necessarily dispositive, they were undoubtedly germane to a reasoned, supported determination of whether to permit Atwater's trial counsel to testify by remote means.

¶32 We recognize that the circuit court's discretion over such motions is quite broad. We also recognize that the court's consideration of the motion was hampered by the parties' failure to bring the applicable statutes to the court's attention. However, based on the unusual record here, we cannot say that the court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." ***Loy***, 107 Wis. 2d at 414-15. Accordingly, we reverse the circuit court's denial of Atwater's postconviction motion and remand for further proceedings. On remand, if Atwater continues to request remote testimony at a ***Machner*** hearing, the court must consider that request, exercising its discretion in light of the criteria and procedures found in WIS. STAT. §§ 885.56 and 885.60.

## CONCLUSION

¶33 For the reasons explained above, we reverse the order denying Atwater's postconviction motion and remand to the circuit court for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.