COURT OF APPEALS
DECISION
DATED AND FILED

November 10, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1256-CR**

Cir. Ct. No. 2013CF374

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

GREGORY F. ATWATER,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dodge County: JOHN R. STORCK and MARTIN J. DE VRIES, Judges. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Gregory Atwater appeals a judgment of conviction and a circuit court order denying his postconviction motion for plea withdrawal. Atwater argues that counsel was ineffective by failing to pursue an investigation into Atwater's case prior to his guilty plea. Atwater also seeks plea withdrawal in the interest of justice. We conclude that Atwater has not established that counsel was ineffective or that plea withdrawal in the interest of justice is warranted. Accordingly, we affirm.

## *Background*

¶2 Atwater was charged with two counts of battery by a prisoner as a repeater based on an incident involving several correctional officers. According to the complaint allegations, Atwater punched one officer, and another officer was thrown into a wall as Atwater was resisting officers' efforts to restrain him.

¶3 Pursuant to a plea agreement, Atwater pled guilty to one of the two battery counts, and the other count was dismissed and read in.[1] The repeater allegations were also dismissed. In addition, the parties agreed to jointly recommend a withheld sentence with two years of probation, ninety days of conditional jail time, and a $2,000 fine. The circuit court adopted the parties' recommendation except that the court imposed and stayed a thirty-month prison sentence instead of withholding sentence.

¶4 Atwater filed a postconviction motion seeking plea withdrawal and alleging ineffective assistance of counsel. He alleged that counsel performed deficiently by: (1) failing to investigate exculpatory information provided to

---

[1] The judgment of conviction and plea questionnaire indicate that Atwater pled no contest, but the plea hearing transcript states that Atwater pled guilty. We refer to Atwater's plea as a guilty plea based on the transcript. Whether Atwater pled no contest or guilty does not affect our analysis.

counsel by a correctional officer named Maxwell, and (2) failing to investigate potential eyewitnesses. Atwater alleged that he was prejudiced because, if counsel had conducted a sufficient investigation, he would have insisted on going to trial. Atwater also requested plea withdrawal in the interest of justice.

¶5 The circuit court held an evidentiary hearing pursuant to *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).[2] The witnesses included Atwater, his counsel, and Maxwell.

¶6 Atwater's counsel's testimony and Maxwell's testimony established that Maxwell had contacted counsel and provided counsel with information in advance of Atwater's guilty plea. To summarize the information, Maxwell told counsel that: (1) Maxwell was not present for the altercation involving Atwater and other correctional officers, but she viewed video footage of the incident; (2) Maxwell believed that the officers involved in the altercation handled the incident incorrectly, including by failing to follow protocol and violating a policy that prohibited officers from putting an inmate's back against a wall; (3) one of the officers involved in the altercation had a poor attitude or demeanor toward the inmates in general; and (4) an internal report on the altercation had been edited from its original version. In addition, Maxwell testified that there was video footage of the incident from multiple angles, and her testimony appeared to imply that the defense had not been provided with some of the footage.

¶7 As discussed further below, counsel testified at the *Machner* hearing that she believed that she did not follow up on the information from Maxwell

---

[2] We have omitted procedural history that is not relevant to our analysis. Additional procedural history is summarized in this court's opinion in Atwater's previous appeal. *See State v. Atwater*, 2021 WI App 16, ¶3 n.3, ¶¶4-10, 396 Wis. 2d 535, 958 N.W.2d 533.

because Atwater "decided not to do anything further with the information." Atwater testified to the contrary.

¶8 Regarding potential eyewitnesses, counsel and Atwater each testified that Atwater told counsel about one potential eyewitness, an inmate named Woods. Additionally, Atwater testified that he told counsel that there were other eyewitnesses whose names he did not know. Counsel testified that she did not believe that she ended up contacting Woods and that she did not interview any other witnesses. She testified that if she had proceeded with further investigation, the State's plea offer would have expired.

¶9 Woods did not testify at the *Machner* hearing. Two other inmates testified. They testified that they witnessed the altercation between Atwater and the correctional officers from about ten feet away and that they did not see Atwater punch an officer. One of the inmates testified that he saw a guard tackle Atwater, and the other inmate testified that he saw Atwater on the ground with a correctional officer on Atwater's back.

¶10 The circuit court concluded that Atwater failed to establish that counsel performed deficiently. It also rejected Atwater's argument for plea withdrawal in the interest of justice. The court therefore denied Atwater's postconviction motion.

*Discussion*

¶11 On appeal, Atwater renews his argument that counsel was ineffective and his argument for plea withdrawal in the interest of justice. We address each in turn.

*A. Ineffective Assistance of Counsel*

¶12 Whether counsel's performance satisfies the constitutional standard for ineffective assistance of counsel is a question of law that appellate courts review de novo. *State v. Thiel*, 2003 WI 111, ¶21, 264 Wis. 2d 571, 665 N.W.2d 305. However, we uphold the circuit court's underlying factual findings unless those findings are clearly erroneous, *id.*, and we defer to the circuit court's credibility findings, *Noble v. Noble*, 2005 WI App 227, ¶27, 287 Wis. 2d 699, 706 N.W.2d 166 (stating that "we must accept the trial court's credibility determination").

¶13 To establish ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We need not address both prongs of this test if the defendant makes an inadequate showing on one. *See id.* at 697.

¶14 Here, for the reasons we now explain, we agree with the circuit court that Atwater failed to establish deficient performance. We therefore do not address prejudice.

¶15 "Establishing that counsel's performance was deficient requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed … by the Sixth Amendment." *State v. Savage*, 2020 WI 93, ¶28, 395 Wis. 2d 1, 951 N.W.2d 838 (quoted source and internal quotations omitted). "Stated another way, when evaluating whether counsel performed deficiently, a defendant must demonstrate that counsel's performance fell below 'an objective standard of reasonableness.'" *Id.* (quoted sources omitted). In order to satisfy this objective standard, "[c]ounsel must either reasonably investigate the law and facts or make a reasonable strategic decision that makes any further

investigation unnecessary." *State v. Domke*, 2011 WI 95, ¶41, 337 Wis. 2d 268, 805 N.W.2d 364.

¶16    "Courts afford great deference to trial counsel's conduct, presuming that it 'falls within the wide range of reasonable professional assistance.'" *Savage*, 395 Wis. 2d 1, ¶28 (quoted source omitted). "Moreover, in analyzing whether performance was deficient, 'every effort [should] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate from counsel's perspective at the time.'" *Id.* (quoted source omitted). When the defendant has entered into a plea bargain to resolve a criminal case, there is a "particular risk that an after-the-fact assessment will run counter to the deference that must be accorded counsel's judgment and perspective when the plea was negotiated, offered, and entered." *See Premo v. Moore*, 562 U.S. 115, 126 (2011).

¶17    Atwater contends that counsel performed deficiently by failing to investigate the information provided to counsel by officer Maxwell and by failing to investigate potential eyewitnesses. He argues that "[t]he fundamental problem with trial counsel failing to pursue this investigation is that the failure directly impacted [counsel's] ability to adequately advise [him] on the crucial decision of entering a plea or going to trial." *See State v. Dillard*, 2014 WI 123, ¶90, 358 Wis. 2d 543, 859 N.W.2d 44 (stating that the decision whether to plead guilty "is generally the most important decision to be made in a criminal case" and that the defendant "should have the benefit of an attorney's advice on this crucial decision"). Atwater also argues that, with further investigation, counsel "could have assessed an arguable self-defense claim."

¶18 Atwater does not persuade us that counsel's conduct fell below an objective standard of reasonableness. Rather, for three main reasons, we are satisfied that counsel's conduct fell within the wide range of reasonable professional assistance in connection with Atwater's guilty plea.

¶19 First, this is not a case in which counsel conducted no investigation. Counsel's testimony—which the circuit court found "very credible"—established that counsel reviewed all of the discovery provided by the State, including police reports, video footage, photographs, and statements from correctional officers. Her testimony also established that she spoke with Atwater about his recollection of the circumstances surrounding the altercation. Finally, counsel testified that she believed that she attempted to locate the potential eyewitness whom Atwater had identified, but that she was unsure if that witness was still in prison at the time.

¶20 Second, counsel's testimony and Atwater's testimony established that counsel used the information available in advance of Atwater's plea—including the discovery and the information from Maxwell and Atwater—to assess Atwater's case and to advise Atwater on the State's plea offer. Counsel testified that, based on her review, she concluded that a reasonable juror could determine that Atwater lacked a defense, at least for the charge to which Atwater ultimately pled guilty. In addition, counsel's testimony established that she conveyed her assessment of the State's plea offer to Atwater. During Atwater's testimony, he agreed that counsel told him about the information from Maxwell. In addition, Atwater agreed that he had access to the "whole file" and all of the State's evidence against him.

¶21 Third, counsel's testimony established that there was insufficient time to pursue further investigation prior to the expiration of the State's plea offer. Counsel testified that the plea offer had "time constraints" and that the offer would

have expired if she had proceeded with further investigation. Counsel also testified that she informed Atwater that if she investigated further, Atwater would miss the opportunity to accept the offer. Finally, counsel testified that she believed she had no further contact with Maxwell because Atwater "decided not to do anything further" with the information Maxwell provided.

¶22 "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Strickland*, 466 U.S. at 691. Here, Counsel's decision not to investigate further was reasonable given Atwater's decision to accept the State's time-limited plea offer.

¶23 During Atwater's testimony at the *Machner* hearing, Atwater denied telling counsel not to further investigate the information from Maxell. He testified that he told counsel to pursue an investigation and that he "for sure wanted to go to trial," or in the alternative that he would consider a plea deal for a misdemeanor. However, the circuit court's findings show that the court credited counsel's testimony over any inconsistent testimony by Atwater. We defer to those findings, *see Noble*, 287 Wis. 2d 699, ¶27, and we therefore accept counsel's version of events as true.

¶24 There appears to be no dispute that Atwater had difficulty deciding whether to accept the State's time-limited plea offer. Counsel testified that Atwater struggled with whether to accept the offer because he did not want to plead to a felony, and counsel also testified that Atwater's decision whether to accept the plea was "all the way down to the wire." Atwater testified that he felt "kind of forced" because of the time-limited nature of the State's plea offer. However, any pressure Atwater may have felt due to the time-limited nature of the offer does not establish deficient performance by counsel under the circumstances here.

### *B. Interest of Justice*

¶25    We turn to Atwater's argument for plea withdrawal in the interest of justice.  Atwater relies on our discretionary authority to reverse in the interest of justice pursuant to WIS. STAT. § 752.35 (2019-20).[3]  He argues that we may exercise this authority when, due to counsel's errors, there is a significant legal issue that was not properly tried.  Atwater contends that counsel's errors here prevented him from uncovering a potential claim for self-defense.

¶26    Based on our conclusion that Atwater has not established that counsel performed deficiently, we reject Atwater's interest of justice argument.  Atwater does not persuade us that this argument has merit over and above his claim for ineffective assistance of counsel.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] WISCONSIN STAT. § 752.35 provides:

> In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.