# COURT OF APPEALS
## DECISION
## DATED AND FILED

## April 23, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2026AP65**
**2026AP66**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2024TP7
2024TP13

**IN COURT OF APPEALS
DISTRICT IV**

---

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A.M.,
A PERSON UNDER THE AGE OF 18:

MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,

   PETITIONER-RESPONDENT,

  V.

A.S.,

   RESPONDENT-APPELLANT.

---

IN RE THE TERMINATION OF PARENTAL RIGHTS TO K.V.M.,
A PERSON UNDER THE AGE OF 18:

MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,

   PETITIONER-RESPONDENT,

  V.

**A.S.,**

    **RESPONDENT-APPELLANT.**

---

       APPEALS from orders of the circuit court for Monroe County: TODD L. ZIEGLER, Judge. *Affirmed.*

¶1    TAYLOR, J.[1]  A.S. appeals orders terminating her parental rights to her two children. She raises four challenges to the proceedings that led to these orders. Three of these challenges relate to the jury trial that constituted the grounds phase of the termination of parental rights ("TPR") proceedings. A.S. contends that: Monroe County ("the County") produced insufficient evidence that the children continued to be in need of protection and services; the circuit court erroneously admitted several documents introduced by the County; and a juror's brief conversation with a County witness should have resulted in a mistrial. A.S.'s final challenge concerns the disposition phase of the TPR proceedings, and she argues that the court erroneously exercised its discretion in determining that the termination of her parental rights was in the children's best interests. I reject A.S.'s assertions and affirm.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

2

**BACKGROUND**

¶2      Because the issues A.S. raises on appeal concern several discrete matters, this opinion will introduce additional facts relevant to each issue in the discussion section.  However, the basic facts are as follows.

¶3      Each child was removed from A.S.'s care shortly after birth and soon placed with the same foster family under orders identifying them as children in need of protection and services ("CHIPS").  They remained with that foster family throughout the TPR proceedings.

¶4      The TPR petition for each child alleged the ground of continuing CHIPS pursuant to WIS. STAT. § 48.415(2).  This ground required the County to show three elements: (1) that each child had been placed outside of A.S.'s home for six months or longer by orders which included the warnings required by WIS. STAT. § 48.356(2); (2) that the County had made reasonable efforts to provide services to A.S. as ordered by the circuit court; and (3) that A.S. had not met the conditions for the return of the children to her home.  § 48.415(2)(a).  Because the evidence was undisputed that both children had been placed outside the home for more than six months by proper court orders, the circuit court determined that this criterion had been met by the County, and this determination was not submitted to the jury.  Thus, as to both children, the jury was required to decide only whether the County had made reasonable efforts to provide court-ordered services and whether A.S. had met the conditions for the return of the children.[2]

_____

[2] The parental rights of the children's father were also terminated in the circuit court proceedings.  The father appealed separately, and this opinion will focus on the proceedings as they relate to A.S.

¶5    There was one additional element for the jury to decide, related only to the younger child.  Because this child had been out of A.S.'s home for approximately nine and one-half months as of the date of the trial instead of the 15-month statutory requirement, the jury also had to determine whether it was substantially likely that A.S. would not meet the conditions of return for this child before 15 months elapsed.  WIS. STAT. § 48.415(2)(a)3.

¶6    The jury heard evidence related to each of these elements over the course of a four-day trial.  At the conclusion of the trial, the jury found that the County had met its burden in the grounds phase of proving continuing CHIPS as to both children.  At the subsequent evidentiary hearing on the disposition phase, the circuit court determined that it was in the children's best interests that A.S.'s parental rights be terminated.  A.S. appeals.

## DISCUSSION

### I. General Principles

¶7    In Wisconsin, there is a two-part statutory procedure for TPR proceedings.  *Steven V. v. Kelley H.*, 2004 WI 47, ¶24, 271 Wis. 2d 1, 678 N.W.2d 856.  In the first "grounds" phase, the petitioner must prove the existence of "one or more of the statutorily enumerated grounds for termination" by clear and convincing evidence.  *Id.*; WIS. STAT. § 48.31(1).  If such grounds are found to exist, the circuit court then proceeds to the second "disposition" phase, in which the court determines whether it is in the best interests of the child that the parent's rights be terminated.  *Steven V.*, 271 Wis. 2d 1, ¶27; WIS. STAT. § 48.426(2).

**II. The Grounds Phase**

    A. The continuing CHIPS ground was supported by sufficient evidence.

¶8    A.S. challenges the sufficiency of the evidence for two elements of the continuing-CHIPS ground: whether, as to both children, the County made reasonable efforts to provide court-ordered services and whether, as to the younger child, there was a substantial likelihood that A.S. would not meet the conditions of return before the child had been placed outside the home for 15 months. WIS. STAT. § 48.415(2)(a)3. In such sufficiency challenges, this court must sustain a jury verdict if there is any credible evidence supporting the verdict. *Weiss v. United Fire & Cas. Co.*, 197 Wis. 2d 365, 389-90, 541 N.W.2d 753 (1995).

¶9    A.S.'s sufficiency argument regarding the County's "reasonable efforts" fails for several reasons. First, A.S.'s argument on this point consists of a few sentences only. While A.S. asserts that the trial evidence showed "delayed referrals, turnover among providers or caseworkers, mixed messaging about what was required to satisfy conditions, and insufficient support around visitation expansion despite positive reports," she does not—in the argument section or elsewhere in her briefing on appeal—cite to the record for support of these assertions. I could decline to consider the argument for this reason. *See Lechner v. Scharrer*, 145 Wis. 2d 667, 676, 429 N.W.2d 491 (Ct. App. 1988) ("This court need not consider arguments unsupported by … references to the record."); *see also Roy v. St. Lukes Med. Ctr.*, 2007 WI App 218, ¶10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256 ("We have no duty to scour the record to review arguments unaccompanied by adequate record citation.").

5

¶10　But even on the merits, A.S.'s argument fails because it ignores the standard of review governing sufficiency challenges to jury verdicts. While A.S. acknowledges initially that "the proper standard of review is a question of whether there is any credible evidence to sustain the verdict," her minimal argument is dedicated to suggesting that there was evidence that would have weighed *against* the jury's verdicts.

¶11　However, the existence of evidence against the verdicts is not the proper inquiry on appeal. I must affirm the verdicts if "there is any credible evidence which, when reasonably viewed, and considered in the light most favorable to the verdict, fairly admits an inference which supports the findings" made by the jury. *Finken v. Milwaukee County*, 120 Wis. 2d 69, 76, 353 N.W.2d 827 (Ct. App. 1984). "When there is *any* credible evidence to support a jury's verdict, 'even though it be contradicted and the contradictory evidence be stronger and more convincing, nevertheless the verdict ... must stand.'" *Weiss*, 197 Wis. 2d at 389-90 (alteration and emphasis in original) (quoted source omitted).

¶12　Given this standard, A.S. effectively concedes the issue when she acknowledges that there "was conflicting testimony among the County's witnesses regarding … the timing and adequacy of the County's reasonable efforts." The applicable statute defines "reasonable effort" in this context to mean "an earnest and conscientious effort to take good faith steps to provide the services ordered by the court which takes into consideration the characteristics of the parent or child …, the level of cooperation of the parent … and other relevant circumstances of the case." WIS. STAT. § 48.415(2)(a)2.a. Having reviewed the trial transcripts, I conclude that there was some evidence from which the jury could conclude that the County made reasonable efforts to provide court-ordered services—including supervised visits, substance abuse testing, mental health counseling, and assistance

with housing. Therefore, I reject A.S.'s sufficiency claim regarding this element for both children.

¶13    A.S. also argues that there was insufficient evidence of a "substantial likelihood" that she would not meet the conditions of return "as of the date on which the [younger] child [would] have been placed outside the home for 15 of the most recent 22 months." WIS. STAT. § 48.415(2)(a)3.[3]  The County was obligated to prove this element only as to the younger child, because the older child had already been placed outside the home for 15 or more of the most recent 22 months pursuant to § 48.415(2)(a)3.  As noted, as of the date of the jury trial, the younger child had been placed outside of the home for approximately nine and one-half months.

¶14    Although A.S.'s argument on this point is more developed and contains citations to the record, it suffers from the same fundamental defect as the previous argument: it does not acknowledge or address the appropriate standard of review.  A.S. cites a number of passages from the trial transcripts in which social workers and other trial witnesses describe the positive aspects of A.S.'s parenting, including her interactions with the children.  But, as has already been explained, I must affirm if "there is *any* credible evidence to support a jury's verdict." **Weiss**, 197 Wis. 2d at 389-90 (emphasis in original).  Therefore, it does not do A.S. any

---

[3] WISCONSIN STAT. § 48.415(2)(a)3. requires the petitioner to show that:

> if the child has been placed outside the home for less than 15 of the most recent 22 months, that there is a substantial likelihood that the parent will not meet these conditions [of return] as of the date on which the child will have been placed outside the home for 15 of the most recent 22 months, not including any period during which the child was a runaway from the out-of-home placement or was residing in a trial reunification home.

7

good to point to evidence against the jury verdict; she must instead show that there was no credible evidence in support of the verdict. She does not attempt to make this showing, nor could she. For example, there was evidence that A.S. frequently missed drug tests that were one of the conditions of return, including missing a test on one of the jury trial days. A.S.'s extensive record of missing drug tests over the lifetime of the children constituted credible evidence from which the jury could reasonably conclude that A.S. was unlikely to comply with drug testing for the five and one-half months following the trial needed to meet the 15-month out of home statutory requirement. Because there was some credible evidence supporting the jury's finding that there was a "substantial likelihood" that A.S. would not timely meet the conditions of return as to the younger child, I reject A.S.'s argument that the evidence on this point was insufficient.

> B. The circuit court did not erroneously exercise its discretion in the admission of trial evidence.

¶15 A.S. next argues that the circuit court erred in admitting documents at trial: three exhibits consisting of social workers' notes, and three exhibits relating to drug tests to which A.S. either submitted or failed to submit. This court reviews a circuit court's decision to admit evidence for an erroneous exercise of discretion. *Vanderventer v. Hyundai Motor Am.*, 2022 WI App 56, ¶51, 405 Wis. 2d 481, 983 N.W.2d 1. An appellate court will sustain such a decision where the circuit court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982).

¶16 Regarding the social workers' notes, A.S. observes that such records sometimes fall under the WIS. STAT. § 908.03(6) "business record" hearsay

exception. However, she argues that the social worker who identified the notes at trial was not a "custodian or other qualified witness" who could testify that the records complied with that exception's requirements. *See* § 908.03(6) (permitting admission of such records where they are created in a certain manner "as shown by the testimony of the custodian or other qualified witness.")

¶17 Once again, A.S.'s appellate briefing is inadequate to allow for evaluation of the claim that the records contain inadmissible hearsay. A.S. does not identify even a single objectionable statement within the records, which comprise more than 2,000 pages. To decide this issue, I would first have to develop an argument for A.S, and I cannot serve as both advocate and judge. *State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992).

¶18 Even if I assume without deciding that the social worker who identified the notes at trial was not the custodian of record or otherwise qualified to do so, the harmless error doctrine applies to circuit court evidentiary decisions. *Weborg v. Jenny*, 2012 WI 67, ¶68, 341 Wis. 2d 668, 816 N.W.2d 191. In other words, A.S. would not be entitled to relief unless the admission of the notes affected her "substantial rights." WIS. STAT. § 805.18(2). A.S. argues that the admission of the notes was "highly prejudicial" because the notes allowed the County to introduce allegations of bad character and missed appointments without A.S. having the ability to cross-examine the declarants. This argument fails for two reasons. First, A.S. does not support such assertions with citations to the record. I need not consider arguments that are unsupported by adequate factual citations or are otherwise undeveloped. *See Dieck v. Unified Sch. Dist. of Antigo*, 157 Wis. 2d 134, 148 n.9, 458 N.W.2d 565 (Ct. App. 1990) (unsupported factual assertions need not be considered without a record cite). Second, the trial transcript reveals that the contents of the notes were never disclosed to the jury.

With the jury not having seen the contents of the notes, there is no "reasonable possibility" that the mere introduction of the notes as trial exhibits changed the outcome of the trial. *Weborg*, 341 Wis. 2d 668, ¶68.

¶19    Regarding the drug testing records, A.S. argues that there was an insufficient "chain of custody" established for the admission of these documents and that the County was obligated to call witnesses personally involved in testing the samples.    A.S. does not cite any authority discussing chain-of-custody requirements for the admission of trial evidence. *See generally State v. McCoy*, 2007 WI App 15, ¶9, 298 Wis. 2d 523, 728 N.W.2d 54 (noting that gaps in chain of custody of evidence generally go to the weight, rather than the admissibility, of the evidence).    Although this type of argument is often raised on hearsay grounds (or, in criminal cases, on confrontation grounds), *see, e.g.*, *State v. Williams*, 2002 WI 58, 253 Wis. 2d 99, 644 N.W.2d 919 (analyzing such claims), A.S. does not mention hearsay or any other doctrine that might arguably restrict the admissibility of the records.

¶20    A review of the trial record also reveals that A.S. never objected to the admission of the drug testing documents.  Failure to object at trial generally forfeits the right to raise an issue on appeal.  *State v. Huebner*, 2000 WI 59, ¶¶10-11, 235 Wis. 2d 486, 611 N.W.2d 727.  The forfeiture rule is one of judicial administration, and a reviewing court has discretion to overlook forfeiture in an appropriate case.  *State v. Atwater*, 2021 WI App 16, ¶24, 396 Wis. 2d 535, 958 N.W.2d 533.  I see no reason to overlook the forfeiture rule here, and A.S. presents none.

C. The circuit court did not erroneously exercise its discretion regarding juror conduct.

¶21    At the beginning of the third day of trial, a social worker who was one of the County's chief witnesses informed the circuit court that, while filling up her water bottle in the hallway, she had encountered a juror. The social worker said "good morning" to the juror, and the juror responded by saying "good morning," as well as "thank you for all your hard work." Outside the presence of the jury, the court asked the parties for their views on actions the court should consider as a result of the encounter. A.S.'s trial attorney informed the court that the same juror had also bid the attorney a good morning the day before, and "seems like kind of just a friendly guy." The trial attorney added "I take nothing out of that comment myself, I really don't." No party suggested striking the juror for cause. The court decided not to act on the matter on that day, saying "it's something we can address as we move forward."

¶22    The following day, before closing arguments, the circuit court again raised the matter of the juror encounter. A.S.'s trial attorney informed the court that on reflection, the trial attorney believed the witness involved was sufficiently important to the County's case that the juror in question should not be part of jury deliberations. The court stated that it believed that the juror "would be just as fair as any other juror," but "erring on the side of caution," determined that the juror would be made an alternate and be dismissed from the jury prior to jury deliberations.

11

¶23    A circuit court's handling of potential juror bias is also a matter of discretion, subject to the same erroneous-exercise standard noted above. ***State v. Gesch***, 167 Wis. 2d 660, 666, 482 N.W.2d 99 (1992).[4]

¶24    On appeal, A.S. argues that the trial was "tainted by the appearance of partiality" because the circuit court, though it excluded the juror in question from jury deliberations, did not question the other jurors about any statements the excluded juror might have made to them about his interaction with, and impression of, the County witness. I am not persuaded.

¶25    First, as noted, A.S.'s trial attorney requested that the circuit court exclude the juror from jury deliberations, and the court did so. A.S.'s trial attorney did not request additional measures. Therefore, A.S. forfeited any argument on appeal that dismissing the juror from jury deliberations was an inadequate remedy, and I find no cause to overlook the application of the forfeiture rule here. But even when considering the merits of this argument, A.S. does not cite to any supporting legal authority for the proposition that the court was required to question the other jurors who had *not* had contact with the County witness. *See* ***Pettit***, 171 Wis. 2d at 647 (this court may decline to address arguments that are undeveloped, including the lack of references to supporting legal authority).

---

[4] A.S., relying on ***State v. Broomfield***, 223 Wis. 2d 465, 480, 589 N.W.2d 225 (1999), contends that this issue instead raises a question of law for our de novo review. ***Broomfield***, though, addressed a different issue: whether extraneous information possessed by a juror during deliberations was prejudicial. ***Id.*** On the question here—whether a juror is biased such that the juror should not serve on the panel—the standard of review is erroneous exercise of discretion. ***State v. Smith***, 2006 WI 74, ¶31, 291 Wis. 2d 569, 716 N.W.2d 482.

### III. The Disposition Phase

¶26    A.S. argues that the circuit court erred in the disposition phase when it decided that termination of her parental rights was in the children's best interests. A circuit court's determination that it is in a child's best interests to terminate parental rights is discretionary and subject to review for an erroneous exercise of discretion. *Jerry M. v. Dennis L.M.*, 198 Wis. 2d 10, 21, 542 N.W.2d 162 (Ct. App. 1995).

¶27    However, the circuit court's discretion is guided by a list of six factors it must consider. WIS. STAT. § 48.426(3).[5] The list is not exhaustive, and a court may consider additional relevant factors. *Sheboygan Cnty. DHHS v. Julie A.B.*, 2002 WI 95, ¶29, 255 Wis. 2d 170, 648 N.W.2d 402. "While it is within the province of the circuit court to determine where the best interests of the child lie,

---

[5] Pursuant to WIS. STAT. § 48.426(3), the best interests of the child factors are:

(a) The likelihood of the child's adoption after termination.

(b) The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.

(c) Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.

(d) The wishes of the child.

(e) The duration of the separation of the parent from the child.

(f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

13

the record should reflect adequate consideration of and weight to each factor." ***State v. Margaret H.***, 2000 WI 42, ¶35, 234 Wis. 2d 606, 610 N.W.2d 475.

¶28 A.S. concedes that the circuit court considered all six of the required factors for each child. She asserts, however, "that the court's weighing was erroneous given the outcome and decision to terminate her parental rights." Once again, the argument consists of broad assertions without relevant citation to the disposition hearing record. For example, A.S. states that the court "placed disproportionate weight on the likelihood of adoption by the current foster placements—the foster family—while functionally ignoring the substantiality of the relationships between [A.S.] and her two children." A.S. asserts that the court treated the "children's 'adoptability' as a trump card that rendered all other statutory factors moot." However, these assertions are not supported by citations to the record. My review of the transcript of the disposition hearing reveals no statements by the court that remotely suggest that it considered the children's likelihood of adoption—which is a statutorily required consideration, WIS. STAT. § 48.426(3)(a)—a more important factor than the other statutory factors it considered.

¶29 A.S. faults the circuit court's exercise of discretion in several other respects, but each of her assertions is without supporting citation to any portion of the disposition hearing transcript, or to specific legal authorities supporting her argument. Even ignoring these defects, these arguments do not come close to showing that the court failed to examine the relevant facts, apply a proper standard of law, or use a demonstrated rational process to reach a conclusion that a reasonable judge could reach. *See **Loy***, 107 Wis. 2d at 414-15. While A.S. presents an alternative perspective of certain facts, the discretion to determine the best interests of the children rests with the circuit court, not with this court, and

14

A.S.'s assertions fail to demonstrate that the court erroneously exercised its discretion in determining that termination was in the children's best interests. *Margaret H.*, 234 Wis. 2d 606, ¶27.

## CONCLUSION

¶30 Because A.S.'s arguments fail, I affirm the orders of the circuit court.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.